UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO.  4:15 CR 189** |
| | ) | |
| Plaintiff, | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| vs. | ) | <u>**OPINION AND ORDER**</u> |
| | ) | |
| **JACK LORI REPPART,** | ) | |
| | ) | |
| Defendant. | ) | |

This case is before the Court on Defendant Jack Lori Reppart's Motion to Dismiss Due to Statute of Limitations ("Motion").  (**Doc #: 12**.)  The Court has reviewed the Motion, the Government's response brief (Doc #: 13), Defendant's reply brief (Doc #: 14), and the applicable case law and concludes, for the following reasons, that the Motion must be **DENIED**.

**I.**

On May 20, 2015, a federal grand jury returned a two-count indictment against Defendant Jack Lori Reppart.  (Doc #: 6.)  The indictment charged that, from 2006 to September 2011, Reppart engaged in a continuing course of conduct converting government funds to his own use in violation of 18 U.S.C. § 641 (Count 1), and unlawfully using the means of identification of seven individuals in doing so in violation of 18 U.S.C. § 1028A (Count 2).  The case stems from Defendant's alleged fraud in recruiting soldiers to join the Ohio National Guard.

On September 8, 2015, Defendant filed the pending Motion to Dismiss raising a single argument, i.e., that the charges in the indictment are untimely based on the five-year statute of repose for non-capital criminal cases, located at 18 U.S.C. § 3282. (Doc #: 12.) According to Defendant, the latest alleged criminal activity occurred in 2008; thus, the indictment was filed long after the statute expired. (Id.)

In response, the Government contends that the statute of repose otherwise applicable to the crimes charges in this case is tolled pursuant to the Wartime Suspension of Limitations Act, 18 U.S.C. § 3287 ("WSLA"). (Doc #: 13.) Under § 3287,

> When the United States is at war or when Congress has enacted a specific authorization for the use of the Armed Forces, as described in section 5(b) of the War Powers Resolution (50 U.S.C. 1544(b)), the running of any statute of limitations applicable to any offense (1) involving fraud or attempted fraud against the United States or any agency thereof in any manner, whether by conspiracy or not, or (2) committed in connection with the acquisition, care, handling, custody, control or disposition of any real or personal property of the United States, or (3) committed in connection with the negotiation, procurement, award, performance, payment for, interim financing, cancellation, or other termination or settlement, of any contract, subcontract, or purchase order which is connected with or related to the authorized use of the Armed Forces, or with any disposition of termination inventory by any war contractor or Government agency, shall be suspended until 5 years after the termination of hostilities as proclaimed by Presidential proclamation, with notice to Congress, or by a concurrent resolution of Congress.

18 U.S.C. § 3287 (2008). The Government asserts the WSLA applies to the indictment because Defendant's crimes reach not only "fraud or attempted fraud against the United States or any agency thereof in any manner" as charged in Count 1, but were also "committed in connection with the negotiation, procurement, award, performance, payment for, interim financing, cancellation, or other termination or settlement, of any contract," under which Defendant used the personal identification information of recruits charged in Count 2. Furthermore, two specific

authorizations for the use of the Armed Forces are presently tolling the statute of limitations: the September 18, 2001 Authorization for Use of Military Force Against Terrorists, Pub. L. No. 107-40, 115 Stat. 224 (2001), and the October 10, 2002 Authorization for the Use of Military Force Against Iraq Resolution of 2002, Pub. L. No. 107-243, 116 Stat. 1498. *United States v. Frediani*, 790 F.3d 1196, 1200 (11th Cir. 2015). These tolling events are both still in force because no Presidential proclamation with notice to Congress or concurrent resolution of Congress has proclaimed those authorized hostilities terminated. Because these tolling events occurred well before July 2006, the statute of limitations has not yet expired. In support, the Government cites *Frediani*, 790 F.3d at 1200-1201 and *United States v. Pfluger*, 685 F.3d 481, 485 (5th Cir. 2012).

In reply, Defendant does not challenge whether the crimes charged fall within the categories of crimes articulated in the WSLA. (Doc #: 14.) He argues that the WSLA should not apply because the statute is overly broad in that it allows for an almost infinite tolling of the statute of limitations, "[w]ith the conflicts being waged in Iraq and Afghanistan, there were simply not the number of service members deployed to allow the intent of the act to come into play," and "there has not been a declaration of war that would allow the WSLA to come into effect." (Id. at 1-2.)

The three circuits to address this issue have rejected similar arguments, and concluded that the WSLA applies to criminal and civil offenses within its umbrage and that the hostilities related to the use of military force against terrorists and Iraq, as authorized by Congress, have not terminated under the WSLA. *Pfluger*, 685 F.3d at 485; *Frediani*, 790 F.3d at 1200-01; *United States ex rel. Carter v. Halliburton Co.*, 710 F.3d 171, 179 (4th Cir. 2013), *aff'd in part, rev'd in part sub nom. Kellogg Brown & Root Servs., Inc. v. U.S. ex rel. Carter*, –U.S.–, 135

S.Ct. 1970, 191 L.Ed.2d 89 (2015). *See also United States v. Arnold*, 991 F.Supp.2d 1307 (S.D. Ga. 2014); *United States v. Wells Fargo Bank, NA,* 972 F.Supp.2d 593, 609-10 (S.D.N.Y. 2013); *United States v. BNP Paribas SA*, 884 F.Supp.2d 589, 605-08 (S.D. Tex. 2012); *United States v. Latimer*, No. CR-11-384-R, 2012 U.S. Dist. LEXIS 41854, at *7-8 (W.D. Okla. Mar. 27, 2012); *United States v. Loman*, No. CR-12-265-M, 2013 U.S. Dist. LEXIS 61980, at *2 (W.D. Okla. May 1, 2013). Although the Sixth Circuit has not addressed this issue, it is now clear that the WSLA suspends the statute of limitations for offenses involving fraud against the United States when the country is at war or Congress has enacted a specific authorization for the use of Armed Forces. Thus, this argument lacks merit.

> Defendant also argues, for the first time in his reply brief,
>
> A company called Docupak was a contractor with the government to supply leads for potential Army recruits. Even if the government's allegations are to be believed, Docupak provided the leads and may have faltered in their obligation to ensure that the leads were valid. It could be argued that the allegations of theft should be against Docupak, not against the government as Docupak fronted the funds to the Recruiting Assistants and was then paid by the government. Mr. Reppart did not supply leads to the government, he supplied leads to Docupak. We contend that the [WSLA] is limited to wartime frauds and "offenses in which defrauding or attempting to defraud the United States is an essential ingredient of the offense charged." Here if the allegations are to be believed the fraud was with a contractor and not the government. *Bridges v. United States*, 346 U.S. 209, 221, 73 S.Ct. 1055, 97L.Ed. 1557 (1953).

There are numerous problems with this argument. First, it is well established that arguments raised for the first time in reply briefs are waived. *United States v. 2007 BMW 335I Convertible, VIN: WBAWL73547PX47374*, 648 F.Supp.2d 944, 952 (N.D. Ohio 2009) (citations omitted). Second, the possible guilt of others is no defense to the charges against this defendant. *United States v. Robb*, 75 Fed.Appx. 425, 433 (6th Cir. 2003) (affirming Sixth Circuit Pattern Jury Instruction 8.08)). Third, a prosecutor has broad discretion in deciding whom to prosecute and

-4-

which charges to bring so long as there is probable cause to believe an offense has been committed.  *United States v. Davis*, 15 F.3d 526, 529 (6th Cir. 1994) (*citing United States v. Allen*, 954 F.2d 1160, 1166 (6th Cir. 1992)).  Fourth, defrauding the Government is an essential ingredient of the charges against Defendant.  *Bridges*, 346 U.S. at 221.  Count 1 addresses the alleged fraud, and Count 2 addresses the means by which Defendant allegedly carried out the fraud.

For all these reasons, the Motion to Dismiss Due to Statute of Limitations (**Doc #: 12**) is hereby **DENIED**.

**IT IS SO ORDERED.**

 */s/ Dan A. Polster     October 22, 2015*
**Dan Aaron Polster**
**United States District Judge**